**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **v.** | **CRIMINAL ACTION NO. 5:07-CR-55(WDO/HL)** |
| **ROBERT HODGES,** | |
| **Defendant.** | |

## ORDER

Before the Court is Defendant Robert Hodges's Motion to Suppress (Doc. 37). For the following reasons, Defendant's Motion to Suppress is denied.

**I.  FACTS**

On April 6, 2007, Officers Czerniejewski and Phillips, two officers from the City of Forsyth Police Department, stopped Defendant's vehicle as Defendant was driving southbound on Interstate 75. The officers contend that they observed Defendant's vehicle weaving, and therefore, they stopped Defendant's vehicle for failing to maintain its lane in violation of O.C.G.A. § 40-6-48 (2007). After stopping Defendant's vehicle, the officers ordered Defendant out of the car. At approximately the same time, the officers detected the smell of marijuana emanating from the vehicle and noticed that Defendant was acting nervous. Officers then searched the vehicle and discovered illegal drugs. Defendant Hodges

was subsequently indicted on June 13, 2007, for possession of illegal narcotics with intent to distribute. Defendant has filed his Motion to Suppress, asserting that the illegal drugs discovered during the search of his vehicle should be suppressed because (1) the initial stop of Defendant's vehicle was unsupported by probable cause or reasonable suspicion, and (2) even if the stop was valid, the subsequent search of the vehicle was improper because the search was not supported by probable cause.

## II. DISCUSSION

The Fourth Amendment guarantees people the right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. Thus, an automobile stop violates the Fourth Amendment if it is unreasonable. Whren v. U.S., 517 U.S. 806, 810 (1996). It is well-established law that an automobile stop is reasonable if the police have probable cause to believe that a traffic violation has occurred. Id.

Here, the officers stated that Defendant's vehicle was stopped because it failed to maintain its lane, which is a traffic violation under O.C.G.A. § 40-6-48. Though Defendant contends in his brief that he did not violate any traffic laws prior to being stopped, this Court disagrees. Officer Czerniejewski testified at the suppression hearing that he observed Defendant's vehicle fail to maintain its lane. Defendant did not testify at the suppression hearing to controvert Officer Czerniejewski's testimony, and Defendant has not offered any evidence to discredit his testimony. This Court will therefore credit the testimony of Officer Czerniejewski. Because this Court finds that there was probable cause to believe that Defendant Hodges committed a traffic violation, this Court finds that the officers had

probable cause to stop his vehicle on April 6, 2007.

Next, Defendant contends that there was not probable cause to search Defendant's vehicle after the initial traffic stop. Again, this Court disagrees. It is well-established that "the recognizable smell of marijuana gives rise to probable cause supporting a warrantless search." U.S. v. Lueck, 678 F.2d 895, 903 (11th Cir. 1982). See also U.S. v. Tobin, 923 F.2d 1506, 1512 (11th Cir. 1991). Here, Officer Czerniejewski testified that he noticed the smell of marijuana emanating from Defendant's vehicle during the traffic stop. Defendant has not provided any evidence or any justification as to why this Court should discredit the officer's testimony. The Court will therefore credit the officer's testimony during the suppression hearing. As a result, this Court finds that there was probable cause to search Defendant's vehicle because the officers detected the smell of marijuana emanating from Defendant's vehicle during the traffic stop.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Suppress (Doc. 37) is denied.

**SO ORDERED**, this the 15th day of October, 2007.

*s/Hugh Lawson*
**HUGH LAWSON, JUDGE**

dhc